CLAUDIO, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 465.—Decided May 27, 1920.

RECORD OF TITLE—POSSESSORY TITLE—SEPARATE PROPERTY—COMMUNITY PROPERTY—CONSOLIDATION.—Although the original petition in a possessory title proceeding may allege that the wife, who had been a widow, acquired half of the property involved in the proceeding as her share of the community property at the death of her former husband, it cannot be concluded that the said half is her separate property, for the question of ownership was not and could not be submitted to the municipal judge, who considered only the question of possession; therefore the property is presumably ganancial and the jurisprudence forbidding the consolidation of properties of a different legal nature is not applicable.

The facts are stated in the opinion.

*Mr. L. Mendín* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Petrona Claudio, wife of Ramón Sánchez, brought possessory title proceedings in the Municipal Court of Caguas for a rural property of three acres of land, alleging that she acquired half of it as her share of the community property at the death of her first husband, Julián Morales, and the other half by purchase from the heir of Julián Morales, his brother Aniceto Morales, and by an order of April 12, 1920, the court approved the proceedings and directed the Registrar of Caguas to make the corresponding record in the name of Petrona Claudio, without prejudice to third persons having better rights.

The registrar refused to record the possessory title "Be-

cause it is observed that the property involved is a consolidation of a ganancial property acquired by the petitioner as an inheritance and a property acquired by purchase for a consideration, they being therefore properties of different juridical natures which can not be consolidated, according to the jurisprudence laid down by the Supreme Court of Porto Rico in the cases of *Torres* v. *Registrar of Caguas*, 27 P. R. R. 846; *Porto Rican Leaf Tobacco Company* v. *Registrar of Property*, 20 P. R. R. 374, and *Muñoz* v. *Registrar of Caguas*, 25 P. R. R. 786.''

The said decision is dated April 12, 1920, and has been appealed from to this court, the appellant alleging in support of the appeal that the property in question is presumed to be community property of the conjugal partnership Claudio-Sánchez and does not belong to different entities, for which reason the decisions of this court cited by the registrar are not applicable.

This being a possessory title proceeding, the title of possession can have no more legal effects than its name implies, and although the petitioner, Petrona Claudio, alleged in the original petition and undertook to prove that she acquired half of the property in payment of her share of the community property at the death of her first husband, Julián Morales, it can not be concluded that the said half is her separate property, for the question of ownership was not and could not be submitted to the municipal court. The purpose of the proceeding is merely to establish a possessory title in the petitioner and the jurisdiction of the court extends no farther than to adjudge a possessory title. The property in question, the possessory title to which was ordered to be recorded, has the character of community property belonging to the partnership Claudio-González until it is shown in the proper proceeding that in whole or in part it is the separate property of the husband or wife, according to section 1322 of the Civil Code. *Despres* v. *Registrar of*

*Property,* 14 P. R. R. 603; *Boscio et al.* v. *Registrar of Property,* 14 P. R. R. 605; *Delgado* v. *Registrar of Caguas,* 22 P. R. R. 117, and *Crehore* v. *Registrar of Guayama,* 25 P. R. R. 795.

The jurisprudence invoked by the registrar is not pertinent, for the question in this case is not of the consolidation of properties belonging to different owners.

The decision appealed from must be reversed and the record ordered.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.